IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DWAYNE HILL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY of CHICAGO, *et al.*,<br><br>    Defendants. | No. 19-cv-6080<br>Judge Franklin U. Valderrama |

**ORDER**

On September 11, 2019, Dwayne Hill (Hill) filed a civil rights lawsuit against Chicago Police Officers Roberto Garcia, Jose Gomez, Jonathan Apacible, George Lopez, Wayne Raschke, Thomas Crain, and Jeffrey Adamik (collectively, Officer Defendants) and the City of Chicago (the City). R. 1, Compl.[1] Mr. Hill passed away and his mother, Donna Hill (Donna Hill), as administrator of the Estate of Dwayne Hill, seeks leave of court to substitute as Plaintiff in this action pursuant to Federal Rule of Civil Procedure 25. R. 106, Mot. Substitute. For the reasons that follow, the motion to substitute is granted and Donna Hill, the administrator of the Estate of Dwayne Hill, is substituted as Plaintiff in this action.

**STATEMENT**

In September 2019, Hill filed this civil rights action under 42 U.S.C. § 1983, alleging that he was wrongfully convicted because Defendants coerced witnesses to falsely implicate him. Compl. ¶¶ 2, 6. Hill's conviction was subsequently vacated and the Cook County State's Attorney's Office dismissed all charges against him. *Id.* ¶ 4. Hill passed away on February 22, 2020. Mot. Substitute ¶ 2. Hill's counsel emailed counsel of record on March 6, 2020 to advise them of Hill's death and stated that she would "update [counsel] on substituting the estate in a few weeks." City Resp. at 2–3 (citing 110-2, Exh. B, 3/6/20 Email). On June 3, 2020, Officer Defendants filed a suggestion of death on the record pursuant to Federal Rule of Civil Procedure 25. R. 78, Suggestion of Death. The estate was opened in Cook County probate court on August 27, 2020, naming Donna Hill as Independent Administrator of his estate. Mot. Substitute ¶ 5. On September 2, 2020, Donna Hill filed the instant motion to substitute pursuant to Rule 25. Officer Defendants and the City oppose the motion.

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

R. 107, Officer Defs. Resp.; R. 110, City Resp.

Federal Rule of Civil Procedure 25(a) governs the substitution of parties. In the case of death of a party, it provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1).

Here, the notice of death was filed on the docket on June 3, 2020. *See* Suggestion of Death. Officer Defendants accept that this date was the triggering date for the 90-day clock prescribed in Rule 25(a)(1). Officer Defs. Resp. ¶¶ 3–4. The City, however, argues that the 90-day period was triggered on March 6, 2020, when Hill's counsel emailed counsel for all Defendants to notify them of Hill's death. City Resp. at 3–4. The City relies on the plain text of Rule 25(a), which states that a substitution motion must be made after "*service* of a statement noting the death" and that the statement must be served in accordance with Rule 5. City Resp. at 4 (citing FED. R. CIV. P. 25(a)(1), (a)(3) (emphasis in original)). Hill, on the other hand, contends that the 90-day clock is not triggered until a party makes a formal suggestion of death on the record. R. 111, Pl. Reply to City at 2, 4–6 (citing *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990) ("The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death. Mere reference to a party's death in court proceedings or pleadings, is not sufficient to trigger the limitations period for filing a motion for substitution."); *Blair v. Beech Aircraft Corp.*, 104 F.R.D. 21, 22 (W.D. Pa. 1984), *aff'd* 787 F.2d 580 (3rd Cir. 1986) ("The reference to the death of the Plaintiff in the pleadings is not sufficient to trigger the running of the 90 day time period."); *Coleman v. Ghebremehari*, 2020 WL 980234, at *1 (S.D. Ill. Feb. 28, 2020) (same)).

Neither party cites binding Seventh Circuit precedent in support of their arguments regarding the necessity of filing a suggestion of death on the record. No matter, as the Court need not definitively decide the issue. It is undisputed that Hill's counsel's March 6, 2020 email was served on *counsel of record*, but *not* on Hill's personal representative or successor. Rule 25 requires service of the statement noting death not only on "parties," but also on "nonparties." FED. R. CIV. P. 25(a)(3). The Seventh Circuit has held that "an obviously interested party . . . must be served for the 90-day clock to start running." *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008). *Atkins* held that even when the decedent's lawyer makes the suggestion of death, the suggestion must be served on the decedent's successor or representative to start the 90-day clock. *Id.* at 874 ("[I]nsistence on service even when the decedent's

lawyer is the person making the suggestion makes a certain amount of sense; it protects the nonparty from finding himself (in this case herself) in a situation in which a lawyer for someone else (the decedent) has thrust him into a case that he would rather not be in, or at least not as the client of this lawyer.").

The City does not argue, and nothing in the record before the Court shows, that Hill's counsel's March 6, 2020 email was served on Donna Hill. *See* 3/6/20 Email. Therefore, this email cannot serve as a triggering suggestion of death under Rule 25(a).

An exception to service on the decedent's successor or personal representative does exist when the *opposing party* (here, Officer Defendants) files the suggestion of death and does not know who the decedent's successor or personal representative is. *Atkins*, 547 F.3d at 874 (citing *George v. United States*, 208 F.R.D. 29, 32 (D. Conn. 2001)). The Officer Defendants' suggestion of death filed on June 3, 2020 did not identify Hill's successor or personal representative. Suggestion of Death. Hill does not argue that the Officer Defendants knew Donna Hill's identity and should have named her in the June 3, 2020 suggestion of death and served her. *See* R. 108, Pl. Reply to Officer Defs. And nothing in the record suggests that Officer Defendants knew Donna Hill's identity on June 3, 2020. As such, for purposes of resolving this motion, the Court assumes that the Officer Defendants did not know Donna Hill's identity on June 3, 2020. The exception to service articulated in *Atkins* therefore applies, meaning that the June 3, 2020 filing of the suggestion of death triggered the 90-day clock despite the fact that the suggestion was not served on Donna Hill.[2]

With June 3, 2020 as the triggering date, by operation of Rule 25, a motion for substitution had to be made on or before September 1, 2020; otherwise, the case must be dismissed. FED. R. CIV. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). The motion for substitution, however, was not filed until September 2, 2020, one day late. Mot. Substitute. Unless there is some other rule that permits a late filing, the motion must be denied and the case must be dismissed. There is, however, such a rule.

Federal Rule of Civil Procedure 6 provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on

---

[2]The City argues in passing that its Response in Opposition to Plaintiffs' Motion to Reconsider Dismissal of Pretrial Detention Claims—in which it alerted the Court, via footnote, of Hill's death and Hill's counsel's March 6, 2020 email—constituted service of the suggestion of death on the Court. City Resp. at 7 (citing R. 77). However, the City cites no cases finding that a footnote in a response brief constitutes a suggestion of death for purposes of Rule 25(a), and at least one in-Circuit case has held the opposite. *See Coleman*, 2020 WL 980234, at *1.

3

motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Rule 6 applies to a substitution motion under Rule 25, and therefore allows the Court to extend the 90-day deadline upon a showing of "excusable neglect." *See Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993).

"To find 'excusable neglect,' courts consider 'all relevant circumstances surrounding the party's neglect, including the prejudice to the nonmovant, length of delay and the reason for the delay.'" *McMurtry v. Obaisi*, 2020 WL 3843566, at *3 (N.D. Ill. July 8, 2020) (quoting *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020)). Whether neglect is excusable is at bottom an equitable determination. *Blakes v. Kentrell*, 2021 WL 1062617, at *1 (E.D. Wis. Feb. 3, 2021) (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006)). Extensions of the 90-day period should be freely given. "The history of Rule 25(a) and Rule 6(b) makes it clear that the 90-day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Cont'l Bank*, 10 F.3d at 1297 (internal citations omitted). Hill insists that the excusable neglect standard is met here. The Court agrees.

First, the "prejudice to the defendants" element weighs in favor of finding excusable neglect. The Defendants were aware of Hill's death since March 6, 2020 and have continued litigating this case, along with the related case, *Fountain v. City of Chicago et al.,* 19-cv-06081, from that time until the present. Second, the length of the delay element also weighs in favor of a finding of excusable neglect. The motion was filed one day late. *C.f. McMurtry*, 2020 WL 3843566, at *3 (27-month delay weighed "heavily against a finding of excusable neglect"). Finally, the reason for the delay weighs in favor of finding excusable neglect. For a period of time during the 90-day time frame, Donna Hill could not open an estate because courts were closed due to the COVID-19 pandemic. *See* Reply to Officer Defs. ¶ 8; Reply to City at 6. Donna Hill filed a petition in probate court on July 17, 2020. R. 110-3, Exh. C. The estate was opened on August 27, 2020 (*id.*) and less than seven days later, a motion for substitution was filed, Mot. Substitute. In considering the totality of the circumstances, the Court finds that Plaintiff has shown "excusable neglect" for the late filing of the motion for substitution. Accordingly, the Court grants Donna Hill as administrator for the Estate of Dwayne Hill's motion for substitution as proper party to this lawsuit.

Date: 6/15/2021

United States District Judge
Franklin U. Valderrama

4